United States District Court
Southern District of Texas
**ENTERED**
October 09, 2024
Nathan Ochsner, Clerk

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| STEVIE RAY WYRE, | § | |
| (TDCJ # 01858012), | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. H-24-3425 |
| | § | |
| STATE OF TEXAS, *et al.*, | § | |
| | § | |
| *Defendants.* | § | |

## MEMORANDUM OPINION AND ORDER

The plaintiff, Stevie Ray Wyre, (TDCJ #01858012), is an inmate in custody at the Wainwright Unit of the Texas Department of Criminal Justice—Correctional Institutions Division (TDCJ). Proceeding *pro se* and *in forma pauperis*, he filed a civil rights complaint under 42 U.S.C. § 1983, alleging that the defendants violated his constitutional rights during his trial and postconviction proceedings. (Dkt. 1-2). Wyre's action is governed by the Prison Litigation Reform Act (PLRA), which requires the Court to screen complaints filed by prisoners proceeding *in forma pauperis* as soon as feasible and dismiss those claims that are frivolous or malicious, that fail to state a claim upon which relief can be granted, or that seek monetary relief from defendants who are immune. 28 U.S.C. § 1915A(a), (b). Based on that review, the Court dismisses Wyre's action with prejudice for the reasons explained below.

## I.   **BACKGROUND**

Wyre is currently serving a 25-year sentence for aggravated sexual assault of

a child under the age of 14 in Harris County Cause Number 1364440.  *See* Inmate

Search, https://inmate.tdcj.texas.gov (visited Oct. 3, 2024).   In his civil rights

complaint, he sues the State of Texas; Harris County Assistant District Attorney

Rachel Palmer; Texas Department of Family and Protective Services caseworker

Karen Parker; court-appointed criminal defense counsel Ted Doebbler; and several

unidentified "Jane and John Does," all of whom he alleges violated his rights during

his state criminal trial and postconviction proceedings.   (Dkt. 1-2, pp. 4-5).   In

general, Wyre alleges that his conviction was obtained based on improper evidence,

that he sought review of the state court's judgment on the basis on constitutional

violations that occurred during his trial, that he was denied relief, and that he was

also denied relief on collateral review.  He contends that all these actions resulted in

a wrongful conviction that violated his procedural due process rights.  (*Id.* at 5, 10).

In support of his claims, Wyre alleges that he pleaded guilty to the charge of

aggravated sexual assault of a child under age 14 in May 2013.  (*Id.* at 12).  He

alleges that he knew that there was no guarantee that he would be sentenced to

probation and that the court could sentence him anywhere within the range of five

years to life in prison.  (*Id.*).  At his sentencing hearing, the State called Department

of Family and Protective Services caseworker Karen Parker to testify.  (*Id.*).  She

2

testified that she had met with the victims on several occasions and that they were afraid of Wyre. (*Id.* at 12-13). She testified that she also met with Wyre on two occasions to see whether he would agree to a plan of service if he was released from jail, but he refused. (*Id.* at 13). According to Wyre, Parker then gave an "unsworn statement" to the court and was excused.[1] (*Id.*). Wyre alleges that defense counsel Doebbler did not object to Parker's testimony. (*Id.* at 14). The State then rested its case as to sentencing. (*Id.*).

Doebbler then called Wyre to testify. (*Id.*). Among other things, Wyre testified that he had never been convicted of any prior felony offense in Texas or any other state. (*Id.*). After this testimony, the court heard arguments concerning the proper sentence and sentenced Wyre to 25 years in prison. (*Id.*).

Wyre appealed his judgment of conviction to the First Court of Appeals. *See Wyre v. State*, No. 01-13-00414-CR, 2014 WL 4345199 (Tex. App.—Houston [1st Dist.], Aug. 29, 2014, pet. ref'd) (*mem. op., not designated for publication*). In that direct appeal, Wyre raised three issues: whether he received ineffective assistance

---

[1]The opinion issued in Wyre's appeal of his judgment and sentence indicates that Parker provided the court with "unsworn statements" from the victims in the form of letters they had given to her. Parker testified that she asked the victims whether they wanted to testify at the sentencing hearing or write letters to the court that she would deliver. *See Wyre v. State*, No. 01-13-00414-CR, 2014 WL 4345199, at *1 (Tex. App.—Houston [1st Dist.], Aug. 29, 2014, pet. ref'd) (*mem. op., not designated for publication*). The victims chose to write letters. *Id.* The prosecutor provided copies of the letters to the court and defense counsel before the sentencing hearing. *Id.* Defense counsel stated that he had no objection to the court's consideration of the letters. *Id.*

of counsel at sentencing; whether the trial court erred in accepting the unsworn victim statements; and whether Wyre's sentence was disproportionately severe. *Id.* at *1. The First Court of Appeals found that Wyre's claim concerning the use of the unsworn letters and his claim of an allegedly disproportionate sentence had not been preserved for review and that, even if they had been preserved, the claims were without merit. *Id.* at *2-6. The court found that Wyre's claim of ineffective assistance of counsel was not supported by the record of the sentencing hearing. *Id.* Based on those findings, the court overruled all three points of error and affirmed his judgment of conviction. *Id.* at *6. Wyre's petition for discretionary review to the Texas Court of Criminal Appeals was refused. *Id.* at *1.

Wyre alleges that he filed an application for a state writ of habeas corpus on August 25, 2023.[2] (Dkt. 1-2, p. 19). He alleges that he raised the same claim concerning the use of the victim's unsworn letters in that petition that he had raised on direct appeal. (*Id.* at 19). He also alleges that he raised a claim concerning an alleged error in the presentence investigation report, which he contends incorrectly showed the aggravated sexual assault charge as a prior conviction. (*Id.* at 20).

Wyre alleges that the State responded by arguing that Wyre was abusing

---

[2]Publicly available records show that Wyre's August 2023 state habeas application was the *sixth* state habeas application he had filed directed to this conviction and sentence. *See* Case Search, www.txcourts.gov (visited Oct. 7, 2024).

4

judicial resources, and it asked the court to dismiss the application as frivolous. (*Id.*

at 21). Wyre alleges that he filed a response, in which he also raised additional

claims, including that he was constructively denied the assistance of counsel during

the sentencing hearing, that the court improperly allowed Parker to act as the victim,

and that the court improperly permitted the use of unsworn victim statements. (*Id.*).

It appears that the state habeas trial court made proposed findings of fact and

conclusions of law and then transferred the case to the Court of Criminal Appeals.

(*Id.* at 21-22). The Court of Criminal Appeals dismissed Wyre's petition without a

written order as a subsequent application. *See* Case Search, www.txcourts.gov

(visited Oct. 7, 2024). (*Id.* at 22). The Court of Criminal Appeals also denied Wyre's

motion for rehearing without a written order. (*Id.*). Wyre filed a petition for a writ

of certiorari with the United States Supreme Court, which denied the petition. *See*

Case Search, www.txcourts.gov (visited Oct. 7, 2024).

In his current civil-rights complaint, Wyre alleges that the Court of Criminal

Appeals denied him procedural due process by failing to conduct an independent

review of the record to determine whether the state habeas trial court's proposed

findings of fact and conclusions of law were supported by the record. (*Id.*). He

contends that the dismissal of his application without such review was an inadequate

state process that violated his procedural due process rights. (*Id.* at 23).

As relief, Wyre asks this Court to vacate the state court's judgment of

5

conviction and release him from custody "immediately and speedily." (Dkt. 1-2, pp. 5, 24). He also seeks a declaration that his constitutional rights were violated and an award of money damages for his allegedly illegal confinement. (*Id.* at 8).

## II.   LEGAL STANDARDS

### A.   Actions Under 42 U.S.C. § 1983

Wyre brings his action under 42 U.S.C. § 1983. "Section 1983 does not create any substantive rights, but instead was designed to provide a remedy for violations of statutory and constitutional rights." *Lafleur v. Texas Dep't of Health*, 126 F.3d 758, 759 (5th Cir. 1997) (per curiam); *see also Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979). To state a valid claim under § 1983, a plaintiff must (1) allege a violation of rights secured by the Constitution or laws of the United States, and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law. *See West v. Atkins,* 487 U.S. 42, 48 (1988); *Gomez v Galman*, 18 F.4th 769, 775 (5th Cir. 2021) (per curiam). When the facts alleged by the plaintiff, taken as true, do not show a violation of a constitutional right, the complaint is properly dismissed for failure to state a claim. *See, e.g., Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009) (per curiam); *Rios v. City of Del Rio, Tex.,* 444 F.3d 417, 421 (5th Cir. 2006).

### B.   The Prison Litigation Reform Act

The PLRA, which governs Wyre's action, requires the Court to examine the

legal and factual basis of a prisoner's complaint and dismiss the case if it determines that the complaint "(i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also* 28 U.S.C. § 1915A(b); 42 U.S.C. § 1997e(c).

A complaint is frivolous "if it lacks an arguable basis in law or fact." *Geiger v. Jowers,* 404 F.3d 371, 373 (5th Cir. 2005) (per curiam) (citing *Denton v. Hernandez*, 504 U.S. 25, 31-32 (1992)). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir. 1997) (citing *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). "A complaint lacks an arguable basis in fact if, after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." *Rogers v. Boatright*, 709 F.3d 403, 407 (5th Cir. 2013) (cleaned up).

A complaint fails to state a claim upon which relief can be granted if it does not contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). In reviewing the complaint, the Court must construe all allegations "liberally in favor of the plaintiff" and must consider whether "with every doubt resolved on [the

plaintiff's] behalf, the complaint states any valid claim for relief." *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009) (cleaned up). If the complaint does not state a claim for relief, it may be dismissed, even before service on the defendants. *See Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

### C.   *Pro Se* Pleadings

Wyre is proceeding *pro se* in this action. Courts construe pleadings filed by *pro se* litigants under a less stringent standard of review. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). Under this standard, "[a] document filed *pro se* is 'to be liberally construed.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). But even under this liberal standard, *pro se* litigants must still "abide by the rules that govern the federal courts." *E.E.O.C. v. Simbaki, Ltd.*, 767 F.3d 475, 484 (5th Cir. 2014). They must "properly plead sufficient facts that, when liberally construed, state a plausible claim to relief, serve defendants, obey discovery orders, present summary judgment evidence, file a notice of appeal, and brief arguments on appeal." *Id.* (cleaned up).

## III.   DISCUSSION

Based on the Court's required review of Wyre's complaint, the Court concludes that it must be dismissed for two reasons: (1) Wyre's civil-rights action seeks relief only available through a petition for writ of habeas corpus and is therefore an improper attempt to avoid the successive habeas petition bar of 28

U.S.C. § 2244(b), and (2) even if Wyre's complaint sought proper relief, none of the defendants identified in the complaint are subject to liability in a § 1983 action.

### A.    The Complaint Seeks Improper Relief

Wyre contends that he is entitled to pursue relief under § 1983 because he is challenging the constitutionality of the Texas state habeas procedures rather than the result of his unsuccessful habeas petition.   But his allegations and his request for relief do not support this statement.

Federal law provides two distinct avenues for relief for complaints related to incarceration: a petition for writ of habeas corpus and a civil-rights action for equitable or monetary relief.  *See Muhammad v. Close*, 540 U.S. 749, 750 (2004) (per curiam).   Habeas petitions are proper for "[c]hallenges to the validity of any confinement or to particulars affecting its duration," while civil-rights actions are typically used to attack conditions of confinement.  *Id.* (citing *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973)).   "Which statutory vehicle to use depends on the nature of the claim and the type of relief requested."  *Poree v. Collins*, 866 F.3d 235, 243 (5th Cir. 2017).   The "core issue" is "whether the prisoner challenges the 'fact or duration' of his confinement or merely the rules, customs, and procedures affecting 'conditions' of confinement."   *Cook v. Tex. Dep't of Crim. Just. Transitional Planning Dep't*, 37 F.3d 166, 168 (5th Cir. 1994); *see also Spina v. Aaron,* 821 F.2d 1126, 1128 (5th Cir. 1987).

In addition to claims relating to "conditions" of confinement, civil-rights actions are available to challenge unconstitutional state procedures that relate to how the fact and length of confinement are determined. *See Wilkinson v. Dotson*, 544 U.S. 74, 79-80 (2005); *Richardson v. Fleming,* 651 F.2d 366, 372 (5th Cir. 1981) (§ 1983 action is an appropriate method to recover damages resulting from illegal administrative procedures). But such an action is generally limited to claims seeking prospective relief. *See Wilkinson*, 544 U.S. at 80. Therefore, a civil-rights action challenging the validity of state procedures may proceed only when the nature of the claim is such that "even if successful, [it] will *not* demonstrate the invalidity of any outstanding criminal judgment." *Id.* (quoting *Heck v. Humphrey*, 512 U.S. 477, 487 (1994)).

In this case, while nominally challenging the procedures used by the Texas Court of Criminal Appeals in processing state habeas applications, Wyre specifically and repeatedly asks this Court to reconsider the dismissal of his state habeas application, declare his conviction and sentence invalid, and order his immediate release from prison. Such relief is available only through a petition for writ of habeas corpus—not a civil-rights action. Because the relief Wyre seeks is not available in a civil-rights action, his complaint must be either dismissed or construed as a petition for a writ of habeas corpus.

But a review of Wyre's litigation history shows that the Court cannot construe

his complaint as a habeas petition because Wyre cannot seek federal habeas corpus relief without permission from the United States Circuit Court for the Fifth Circuit. The Court's electronic case management system shows that Wyre has filed no fewer than four prior federal habeas petitions in this Court. *See Wyre v. Davis*, No. H-16-0681 (S.D. Tex. Oct. 12, 2016); *Wyre v. Davis*, No. H-18-1401 (S.D. Tex. May 11, 2018); *Wyre v. Davis*, No. H-19-4168 (S.D. Tex. Oct. 30, 2019); *Wyre v. Lumpkin*, No. H-21-0462 (S.D. Tex. Feb. 11, 2021).   The first petition was denied on the merits; the remaining three have been dismissed for lack of jurisdiction over the successive petitions. *See* 28 U.S.C. § 2244(b) (requiring a petitioner seeking to file a second or successive habeas petition to obtain authorization from the court of appeals before filing the petition).   Wyre has not provided this Court with authorization from the Fifth Circuit to pursue a successive habeas petition, and the Court finds no record of such an authorization.  Instead, the Fifth Circuit's records show that it has denied Wyre's requests to file a second or successive habeas petition at least six times. *See In re Wyre*, No. 18-20371 (5th Cir. June 27, 2018); *In re Wyre*, No. 19-20602 (5th Cir. Sept. 13, 2019); *Wyre v. Davis*, No. 19-20795 (5th Cir. Apr. 22, 2020); *In re Wyre*, No. 20-20573 (5th Cir. Dec. 22, 2020); *Wyre v. Lumpkin*, No. 21-20134 (5th Cir. Mar. 2, 2022); *In re Wyre*, No. 24-20129 (5th Cir. Apr. 22, 2024). Wyre is therefore well aware that he cannot proceed with a habeas petition in this Court, and his current civil-rights complaint appears to be nothing more than a

11

blatant attempt to avoid the successive habeas petition bar by seeking habeas relief under the guise of a civil-rights action. Such tactics are improper.

Because Wyre seeks relief that is not available in a civil-rights action, his complaint fails to state a claim upon which relief can be granted. Further, the Court cannot treat his civil-rights complaint as a habeas petition absent authorization from the Fifth Circuit. Wyre's civil-rights action is therefore dismissed with prejudice under 28 U.S.C. § 1915(e)(2)(B) for failing to state a claim upon which relief can be granted.

**B.** **The Complaint Sues Improper Defendants**

Even if Wyre's action could proceed as a civil-rights action, the Court would nevertheless dismiss his complaint because none of the defendants identified by Wyre are subject to suit under § 1983.

**1.** **The State of Texas and the "Texas Courts"**

Wyre sues the State of Texas and the "Texas Courts" for allegedly violating his procedural due process rights. Neither may be sued under § 1983.

Section 1983 provides for liability against any *person* who, acting under color of law, deprives an individual of "any rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983. Neither states nor state agencies are "persons" against whom a § 1983 claim for money damages can be asserted. *Lapides v. Bd. of Regents of Univ. Sys. of Ga.*, 535 U.S. 613, 617

(2002) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989)).  As such, neither the State of Texas nor the "Texas Courts" are proper defendants in this § 1983 action.

Wyre's claim for money damages from the State of Texas and the "Texas Courts" is also barred by sovereign immunity.  Sovereign immunity bars actions in federal court against a state or state agency unless Congress has abrogated the immunity or the state has specifically waived its immunity.  *See Will*, 491 U.S. at 66.  Congress did not abrogate the states' sovereign immunity when it enacted § 1983.  *Id.*  And the State of Texas has not waived its sovereign immunity for purposes of § 1983 actions.  *See Jennings v. Abbott*, 538 F. Supp. 3d 682, 691 (N.D. Tex. 2021) ("The State of Texas has not waived its sovereign immunity from section 1983 claims."); *Tex. A & M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 839 (Tex. 2007) ("It is up to the Legislature to institute such a waiver, and to date it has not seen fit to do so.").  To the extent that Wyre seeks an award of money damages from the State of Texas and the "Texas Courts" in his complaint, his claim is barred by sovereign immunity and must be dismissed as seeking monetary relief from a defendant immune from such relief.  *See* 28 U.S.C. § 1915(e)(2)(B)(iii).

Wyre's claim for injunctive relief against the State of Texas and the "Texas Courts" fares no better.  While sovereign immunity plays a narrower role in § 1983 claims seeking injunctive relief, it nevertheless protects the state and state agencies

13

and officials from claims based on past actions and past violations of federal law rather than ongoing actions and continuing violations. *See Green v. Mansour*, 474 U.S. 64, 73 (1985) (citing *Ex parte Young*, 209 U.S. 123 (1908)). To determine whether the plaintiff's claims are barred by sovereign immunity, "a court need only conduct a straightforward inquiry into whether the complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." *Verizon Md., Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 645 (2002). If the plaintiff seeks only retroactive relief, sovereign immunity bars the claim, *see Green,* 474 U.S. at 71, and if "there is no continuing violation of federal law to enjoin in this case, an injunction is not available." *Id.*

Wyre's complaint requests only retroactive relief. He asks this Court to vacate or reverse a decision of the Texas Court of Criminal Appeals. This request for relief from an earlier court ruling seeks redress for past harms rather than protection from ongoing violations of federal law. *See, e.g., Catanach v. Thomson*, 718 F. App'x 595, 598-99 (10th Cir. 2017), *cert. denied*, 138 S. Ct. 1991 (2018) ("Catanach sought relief from past harms, i.e., relief from Thomson's past rulings on his motions for recusal and for summary judgment and his failure to grant an expedited hearing or to require the City to issue a surety bond with its application for an injunction. The district judge was correct—these claims do not allege an ongoing violation of federal law."); *Bowling v. Evans*, No. 4:18-cv-610-ALM-CAN, 2019 WL 5395564, at *5

(E.D. Tex. Mar. 8, 2019) (the plaintiff's request that the federal court reverse a state appellate justice's prior orders and rulings was a request for retroactive relief).

Because Wyre seeks only retroactive relief, his claims for injunctive relief against the State of Texas and the "Texas Courts" are barred by sovereign immunity. The injunctive relief claims must be dismissed with prejudice for failing to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

### 2. Assistant District Attorney Rachel Palmer

Wyre names Assistant District Attorney Rachel Palmer as a defendant, contending that she violated his rights during the sentencing hearing by offering improper evidence and by preparing a presentence investigation report that contained errors. But district attorneys who prosecute criminal cases on behalf of the State are immune from claims based on actions they take to prosecute a defendant in a criminal case. *See Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976). This includes immunity "for their conduct in initiating a prosecution and in presenting the State's case insofar as that conduct is intimately associated with the judicial phase of the criminal process." *Wooten v. Roach*, 964 F.3d 395, 407 (5th Cir. 2020) (quoting *Burns v. Reed*, 500 U.S. 478, 486 (1981)). This immunity applies to all actions taken within the scope of their prosecutorial duties even when the plaintiff alleges that the prosecutors acted maliciously, wantonly, or negligently. *See Singleton v. Cannizzaro*, 956 F.3d 773, 780 (5th Cir. 2020) ("[P]rosecutors are

15

absolutely immune even for willful or malicious prosecutorial misconduct . . . if it occurs in the exercise of their advocatory function." (quoting *Cousin v. Small*, 325 F.3d 627, 632 (5th Cir. 2003) (per curiam))).

Wyre's allegations against Palmer concern her actions in bringing and pursuing the state criminal charges against him. But her actions in developing evidence and presenting it to the court are part of the judicial phase of the criminal process. Because all the challenged actions fall within the scope of her prosecutorial duties, Palmer is immune from Wyre's claims under § 1983. His claims against Palmer are dismissed with prejudice under 28 U.S.C. § 1915(e)(2)(B)(iii) as seeking relief against a defendant who is immune.

### 3.     Karen Parker

Wyre sues Department of Family and Protective Services caseworker Karen Parker based on her testimony at his sentencing hearing. However, witnesses who testify during criminal trial proceedings enjoy absolute immunity with respect to any claim based on their testimony. *See Rehberg v. Paulk*, 566 U.S. 356, 367 (2012) (citing *Briscoe v. LaHue*, 460 U.S. 325, 332-33 (1983)); *see also Kohnke v. Reed*, 18 F.3d 936, 1994 WL 83724, at *3-4 (5th Cir. Feb. 25, 1994) (per curiam) (state officials had absolute immunity for their testimony given at a bail hearing and a sentencing hearing). Parker therefore is entitled to absolute immunity for claims arising out of her appearance and testimony at Wyre's sentencing hearing. Wyre's

claims against Parker are dismissed with prejudice under 28 U.S.C. § 1915(e)(2)(B)(iii) based on this absolute immunity.

### 4.    Attorney Ted Doebbler

Wyre sues his court-appointed counsel, Ted Doebbler, alleging that Doebbler provided ineffective assistance during the proceedings in the state criminal trial proceedings.  However, to be liable under § 1983, the defendant must be acting under color of state law.[3]  Neither appointed or retained private defense attorneys act under color of state law when performing a lawyer's traditional functions in representing a criminal defendant because, in that instance, he or she is acting on behalf of the defendant rather than on behalf of the State. *See, e.g., Polk County v. Dodson*, 454 U.S. 312, 318, 324-25 (1981); *Mills v. Crim. Dist. Court No. 3*, 837 F.2d 677, 679 (5th Cir. 1988) (holding that "private attorneys, even court-appointed attorneys, are not official state actors, and generally are not subject to suit under section 1983"); *Amir-Sharif v. Dallas Cnty. Public Defender's Office*, 233 F. App'x 364, 365 (5th Cir. 2007) (per curiam) (dismissing claims against a county's public defenders "because they are not state actors for § 1983 purposes").

---

[3]Limited exceptions to this general rule exist when the plaintiff can show that a private actor was implementing an official government policy or when the private actor's actions are fairly attributable to the government. *See Rundus v. City of Dallas, Tex.*, 634 F.3d 309, 312 (5th Cir. 2011).  A private party who conspires with state actors to deprive another of his constitutional rights may also be considered a state actor. *See Priester v. Lowndes County*, 354 F.3d 414, 421 (5th Cir. 2004).  Wyre's complaint does not allege facts showing that any of these exceptions apply to his case.

As Wyre's court-appointed attorney, Doebbler did not act "under color of state law" while representing Wyre.  Wyre's claims against Doebbler must be dismissed with prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii) for failing to state a claim upon which relief can be granted.

### 5.   John and Jane Does

Finally, Wyre sues unidentified "Jane and John Does that participated in this cause of action." (Dkt. 1-2, p. 10).  Wyre does not allege any facts tending to show that any of these John and Jane Does are state officials or that they acted jointly with state officials during his state criminal proceedings.  His lengthy complaint contains no facts that even arguably allege any wrongdoing by these unidentified defendants.

As explained above, a complaint fails to state a claim upon which relief can be granted when it does not contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Rogers,* 709 F.3d at 407 (quoting *Iqbal*, 556 U.S. at 678).  Vague and non-specific allegations of wrongdoing do not meet this standard.  *See In re Great Lakes Dredge & Dock Co. LLC*, 624 F.3d 201, 210 (5th Cir. 2010) (noting that courts do not accept "conclusory allegations, unwarranted factual inferences, or legal conclusions" when considering whether a complaint states a claim); *Sias v. Louisiana*, 146 F. App'x 719, 720 (5th Cir. 2005) (per curiam) (holding that vague and conclusory allegations provide an insufficient basis for § 1983 claims).

Wyre's allegations against the unspecified "Jane and John Does" do not even approach vague and conclusory; they are simply non-existent. His claims against these unidentified "Jane and John Does" must be dismissed with prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii) for failing to state a claim upon which relief can be granted.

### C.   State-Law Claims

In his complaint, Wyre "invokes the Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) to consider the state-law claims." (Dkt. 1-2, p. 9). To the extent that Wyre's complaint can be construed to allege state-law claims against any of the defendants, the Court declines to exercise jurisdiction.

Federal courts have discretion to exercise jurisdiction over state-law claims when "(1) federal question jurisdiction is proper, and (2) the state law claims derive from a common nucleus of operative facts." *Arena v. Graybar Elec. Co.*, 669 F.3d 214, 221 (5th Cir. 2012). But when the federal claims that are the basis for federal jurisdiction are dismissed before trial, the pendant state-law claims should be dismissed as well. *See United Mine Workers v. Gibbs,* 383 U.S. 715, 726 (1966); *Enochs v. Lampasas County,* 641 F.3d 155, 161 (5th Cir. 2011); *see also* 28 U.S.C. § 1367(c) (district courts should decline to exercise supplemental jurisdiction over a pendant state-law claim when "the district court has dismissed all claims over which it has original jurisdiction"). When considering whether to retain jurisdiction over

state-law claims once the federal claims have been dismissed, the Court considers judicial economy, convenience, fairness, federalism, and comity. *See Parker & Parsley Petroleum Co. v. Dresser Indus.,* 972 F.2d 580, 585 (5th Cir. 1992); *see also Batiste v. Island Records, Inc.,* 179 F.3d 217, 227 (5th Cir. 1999).

Wyre's action is in its earliest stages. None of the defendants have been served with process; the Court has not yet held a scheduling conference; and no discovery is underway. The Court has no substantial familiarity with this case, and permitting any alleged state-law claims to proceed in federal court will neither prevent redundancy nor conserve judicial resources. Under these circumstances, consideration of the factors of judicial economy, convenience, fairness, federalism, and comity weighs against exercising pendant jurisdiction over any of these state-law claims.

To the extent that Wyre alleges any state-law claims in his complaint, they are dismissed without prejudice for lack of jurisdiction.

## IV.   CONCLUSION

Based on the foregoing, the Court **ORDERS** as follows:

1. Wyre's civil rights action, (Dkt. 1), is **DISMISSED with prejudice** under 28 U.S.C. § 1915(e)(2)(B).

2. Any pending motions are **DENIED** as moot.

3. This dismissal counts as a strike for purposes of 28 U.S.C. § 1915(g).

The Clerk shall send a copy of this Memorandum Opinion and Order to the plaintiff.  The Clerk shall also send a copy of this dismissal to the Three-Strikes List Manager at the following email: **Three_Strikes@txs.uscourts.gov.**

SIGNED at Houston, Texas on _____ Oct 8 _____, 2024.

_____
DAVID HITTNER
UNITED STATES DISTRICT JUDGE

21